**United States District Court for the District of Columbia**

| | | |
|---|---|---|
| **United States of America** | * | |
| v. | * | Crim. No. 1:19-cr-00169-BAH-2 |
| **Zeese, et al.** | * | |
|    **[Margaret Ann Flowers]** | | |

**Defendant Margaret Ann Flowers' Sentencing Memorandum, and Motion for Credit**

Table of Contents

Sentencing Memorandum ............................................................................................... 1

Motion for Credit ........................................................................................................... 5

Points and Authorities ................................................................................................... 5

Certificate of Service ..................................................................................................... 5

Appendix ........................................................................................................................

**Sentencing Memorandum**

Introduction

Margaret's friend Martha Allen says that Margaret is very intelligent, dedicated, and a hard worker. Letter from Martha Allen, Feb. 28, 2020; App'x at 1. Martha admires Margaret's willingness to devote so much of her life to making this world a better place. Id.

In addition to raising three children, Margaret generously gives her time and energy to many important causes. Id; See also, App'x at 6 – 7. Her concern for peace and justice has won her the admiration of others, myself included. Id. Martha appreciates Margaret's willingness to put aside her personal comfort to do what she believes is right. App'x at 1.

When Net Neutrality became a priority to Martha's organization Women's Institute for Freedom of the Press, Martha found that Margaret provided important leadership and connection to other organizations. Id.

Martha also admires Margaret's commitment to working toward better healthcare for everyone. Id. When people call on Margaret, she responds. Id.

Colonel Ann Wright has known Margaret for over fifteen years. Letter from Col. Wright, Feb. 28, 2020; App'x at 2. Colonel Wright knows Margaret's work as a medical doctor in the campaign for national healthcare for all. Id; See also, App'x at 6 – 7. Margaret has run for office to bring attention to issues of importance. Id. She is dedicated to social justice and international issues. Id. "She is one of the most principled persons I know." App'x at 2. She is a person of great conscience, and Col. Wright is honored to be Margaret's friend. Id.

Considering:

1. That Margaret is the mother of three children;

2. That she is employed;

3. That Margaret was arrested early in the morning on May 16, 2019 (Tr. Feb. 12, 2020) and she was released on conditions after her initial appearance on May 17, 2019 (See, Min. Ent. May 17, 2019, Doc. 11);

4. She was in custody at the D.C. Jail for approximately 30 hours;

5. That she has abided by the conditions of supervision in the community (Docs 8, 40, 53, 78, 94, 101); and

for such other reasons as might be raised during the sentencing hearing, 30 hours with credit for time served in custody on May 16 – 17, 2019 is sufficient, but not greater than necessary to comply with the purposes of the law. In short, it would serve no purpose that has not already been achieved.

Application of the Statutory Sentencing Factors to the Facts of this Case

Pursuant to 18 U.S.C. § 3553(a), the Court must consider the following factors when determining what type and length of sentence is sufficient, but not greater than necessary, to satisfy the purposes of sentencing:

1. The Nature and Circumstances of the Offense and the History and Characteristics of the Defendant:
    (a) Nature and Circumstances of Offense:

The parties anticipate a guilty plea to incommoding. D.C. Code § 22–1307. As directed by the Court, a written Waiver of Presentence Investigation is attached. App'x at 8.

    (b) History and Characteristics of Margaret Flowers:

See, Introduction to Sentencing Memorandum, supra at 1 – 3.

2. The Need for the Sentence Imposed To Promote Certain Statutory Objectives:
    (A) to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense;
    (B) to afford adequate deterrence to criminal conduct;
    (C) to protect the public from further crimes of the defendant; and
    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

3

3.   The Kinds of Sentences Available

The Supreme Court severed and excised 18 U.S.C. § 3553(b), the portion of the federal sentencing statute that made it mandatory for courts to sentence within a particular sentencing guidelines range. *United States v. Booker*, 125 S. Ct. 738, 756 (2005). This renders the sentencing guidelines advisory. *Id*.

The D.C. Code provides for imprisonment, which may not be more than 90 days, a fine of not more than $500.00, or both. D.C. Code §§ 22–1307(c); 22–3571.01(b)(3).

4.   The Kinds of Sentence and the Sentencing Range Established by the Sentencing Commission

The sentencing guidelines would not apply to any count of conviction that is a Class B misdemeanor (U.S.S.G. § 1B1.9), which is analogous to the D.C. statute for incommoding. Compare, 18 U.S.C. § 3559(a)(7) with D.C. Code § 22–1307(c).

6.   The Need to Avoid Unwarranted Disparities

It is counsel's understanding that when the D.C. Superior Court sentences someone for incommoding, it typically does not impose additional jail time.

7.   The Need to Provide Restitution to Any Victims of the Offense

There are no victims.

## Motion for Credit

Pursuant to 18 U.S.C. § 3585(b)(1), Margaret Flowers moves for credit for time already served in custody. In support she states:

6. She has spent time in official detention prior to the date the sentence commences as a result of the offense for which the sentence was imposed.

7. The time has not been credited against another sentence.

## Points and Authorities

*United States v. Booker*, 125 S. Ct. 738 (2005).
18 U.S.C. § 3553.
18 U.S.C. § 3559.
18 U.S.C. § 3585.
D.C. Code § 22–1307.
D.C. Code § 22–3571.01(b)(3).
U.S.S.G. § 1B1.9.

                                        /s/
                          William L. Welch, III
                          D.C. Bar No. 878119
                          wlw@wwelchattorney.com
                          5305 Village Center Drive, Suite 142
                          Columbia, Maryland 21044
                          Telephone: (410) 615-7186
                          Facsimile: (410) 649-5217
                          Counsel for Margaret Flowers
                          (Appointed by this Court)

## Certificate of Service

I hereby certify that on this 2nd day of March, 2020 a copy of the foregoing Sentencing Memorandum, Motion for Credit, and Appendix were delivered electronically to Ms. Danielle Sara Rosborough (danielle.rosborough2@usdoj.gov), Ms. Jessica Camille Brooks (jessica.brooks@usdoj.gov), and Mr. Jorge Luis Gonzalez

(jorge.gonzalez3@usdoj.gov), Office of the United States Attorney, 555 Fourth Street, NW, Washington, DC 20530.

                                                /s/
                                    William L. Welch, III